J-A27030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HEATHER LYNN HOFFMAN :
:
Appellant : No. 613 MDA 2022

Appeal from the Order Entered March 22, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-SA-0000281-2021

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: FEBRUARY 22, 2023**

Heather Lynn Hoffman appeals from the order entered denying the appeal of her summary conviction for driving while operating privilege is suspended or revoked. ***See*** 75 Pa.C.S.A. § 1543(a). Because Hoffman did not file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) ("Rule 1925(b) statement"), she has waived her issues. We therefore affirm.

In August 2021, a magisterial district judge convicted Hoffman of the above-referenced offense. She filed an appeal to the Court of Common Pleas. In March 2022, after granting Hoffman several continuances, the court dismissed the appeal because Hoffman failed to appear for the trial *de novo*.

_____

[*] Retired Senior Judge assigned to the Superior Court.

It ordered Hoffman to pay a fine of $200.00 and costs. Hoffman filed a timely notice of appeal to this Court.

On May 2, 2022, the trial court ordered Hoffman to file a Rule 1925(b) statement and to serve the statement on the trial judge:

> **AND NOW**, this 2nd day of May 2022, the Defendant in the above-captioned case is hereby directed to file of record in the lower court and serve upon the undersigned trial judge[1], a concise statement of errors complained of on appeal, no later than twenty-one (21) days after the entry of this Order in accordance with Pa.R.A.P. 1925(b). Failure to comply with this Order may be considered waiver of all objections to the order, ruling, or other matter complained of.
>
> [1] The 1925(b) statement shall be filed with the Clerk of Courts, 4th Floor - Berks County Courthouse, 633 Court Street, Reading, PA 19601. For in person service, the statement must be concurrently served with the Clerk of Courts filing, to Court Administration, 4th Floor – Berks County Courthouse, 633 Court Street, Reading PA 19601.
>
> **FURTHERMORE**, if any transcripts are necessary for disposition of this appeal, the Defendant shall provide this Court with an order for transcription for each transcript requested within ten days of receiving this Order.

Order, May 2, 2022. The certified record does not contain a Rule 1925(b) statement filed by Hoffman.

Hoffman raises the following issues on appeal:

> 1) Is it legal to send anyone in Pennsylvania a false summons that has a false sworn statement attached with 2 different intentional dates on it?
>
> 2) Is it Constitutional for any Court to Allow any Officer in the Commonwealth to send false charges by mail with NO PULLING OVER of the ACCUSED? WITH THIS CASE OR DUI?

3) Is it Constitutional for any Officer to falsify ANY sworn statement with allegations that they KNOW did not happen?

4) Is it Constitutional to unlawfully withhold my right to drive with NO INFRACTIONS in at least 10 years or more?

5) Is it Constitutional to allow an insurance company to attempt insurance fraud and then Officers attempt to use it against me illegally in the fashion that the officer did?

6) Is it Constitutional to sentence a disabled woman to pay fines and costs illegally at all in this State?

7) If Heather Hoffman was NOT pulled over at ALL, No One can ticket her, LET ALONE THREATEN HER WITH PRISON, HOW IS THAT CONSTITUTIONAL?

8) IS there any punishment for this Officer?

9) Is Penn Dot finally going to be ORDERED to REINSTATE MY DRIVERS LICENSE?

10) Can this Court Order damages for emotional distress that was intentional?

11) Supersedes is automatic pursuant to 1736 – in a representative capacity. I was pro se then as I am now. This one states your not required to file it.

Hoffman's Br. at 4 (verbatim).

Rule 1925(b) permits a trial court to enter an order directing the appellant "to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). The appellant shall then "file of record the Statement and concurrently shall serve the judge." *Id.* at 1925(b)(1). The rule provides that issues not included in the 1925(b) statement "and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." *Id.* at 1925(b)(4)(vii).

Rule 1925(b)(1) provides what constitutes filing:

> Filing of record shall be as provided in Pa.R.A.P. 121(a)[1] and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c).

*Id.* at 1925(b)(1). "Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order." *Id.*

Pennsylvania Rule of Criminal Procedure 576 governs filings in criminal matters and provides that any document for which filing is required shall be filed with the clerk of courts and "shall be" by personal delivery to the clerk of courts, by mail addressed to the clerk of courts, or by electronic filing if permitted by the judicial district. Pa.R.Crim.P. 576(a)(2)(i)-(iii).

The trial court issued an order requiring Hoffman to file a Rule 1925(b) statement and to serve that statement on the trial judge. The record does not include a statement filed by Hoffman. In her reply brief filed in this Court, Hoffman contends she filed a Rule 1925(b) statement on May 16, 2022. She attached two exhibits, the alleged statement and a facsimile cover sheet, stating a fax successfully was submitted to Berks County on May 16.

---

[1] Rule 121(a) provides,

> Papers required or permitted to be filed in an appellate court shall be filed with the prothonotary. Filing may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing.

Pa.R.A.P. 121(a).

Facsimile is not a permissible way to file documents in the courts. **See** Pa.R.Crim.P. 576; Pa.R.A.P. 121. Although Berks County has adopted a rule allowing electronic filing, like the corresponding statewide rule, it explicitly defines "electronic filing" as excluding filing by fax. **See** B.R.C.P. 576.1(B). Further, a fax confirmation sheet of receipt by the county, without proof of what was contained in the fax or proof that the Clerk of Courts received and filed the document, is not sufficient to establish the filing of a document with the clerk of courts. Moreover, it does not appear Hoffman served the trial judge with any Rule 1925(b) statement, and she makes no claim that she did so. Because Hoffman failed to file the Rule 1925(b) statement of record or serve it on the trial judge, she has waived all issues on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023